IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISHNASWAMY SAMPATH, )
)
Plaintiff, )
)
v. ) Civil Action No. 03-264J
)
CONCURRENT TECHNOLOGIES )
CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22) and Defendant's Motion to Strike Plaintiff's Motion for Interim Orders or, In the Alternative, Opposition to Plaintiff's Motion for Interim Orders (Document No. 24) and its Brief in Support (Document No. 25). For the reasons stated herein, Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22) is dismissed and, in the alternative, Defendant's Motion to Strike Plaintiff's Motion for Interim Orders or, In the Alternative, Opposition to Plaintiff's Motion for Interim Orders (Document No. 24) is granted.

### JURISDICTION

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 based on federal question jurisdiction.


## BACKGROUND

Prior to filing the above-captioned case, Plaintiff dual-filed two charges with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"). On October 10, 2001, Plaintiff, while still employed by Defendant, filed a charge, alleging race and national origin discrimination, in which Plaintiff claimed that he did not receive promotions and other employment benefits to which he alleged entitlement. On March 19, 2002, the EEOC issued a right-to-sue letter, and on June 17, 2002, Plaintiff filed a two-count Complaint before this Court at Civil Action No. 02-162 for Title VII discrimination and retaliation. On June 24, 2003, Civil Action No. 02-162 was dismissed without prejudice pursuant to Plaintiff's motion to administratively discontinue the case.

On May 15, 2003, after termination of his employment, Plaintiff filed a second charge that alleges Defendant terminated him on February 24, 2003 in retaliation for the federal lawsuit filed at Civil Action 02-162, which was filed more than eight months prior to his termination. On September 9, 2003, Plaintiff received his second right-to-sue letter. On December 5, 2003, Plaintiff filed the one-count retaliation Complaint at Civil Action No. 03-264J with respect to his termination of employment. (Document No.1). On July 11, 2005, following this Court's decision with respect to Defendant's Motion to Dismiss, Defendant filed an Answer denying Plaintiff's Title VII retaliation claim regarding his termination from employment.

In his Motion for Interim Orders Against Continued Retaliation, Plaintiff, a former employee of Defendant, seeks three types of relief from the Court. First, Plaintiff requests that this Court require Defendant to maintain U.S. Patent 5,744,782 with the U.S. Patent and Trademark Office ("USPTO").

2

(Document No. 22, pp. 3-6). Second, Plaintiff wants Defendant to be required to support Congressman John P. Murtha in directing the USPTO to correct the alleged existing patent anomaly of U.S. Patent 5,744,782 with U.S. Patent 5,523,540, apparently to abrogate U.S. Patent 5,523,540. *Id.* Third, Plaintiff wants Defendant to be required to "undertake all reasonable and good faith efforts to immediately license the U.S. Patent 5,744,782 to the Plaintiff under RAND terms and conditions." (Document No. 22, p. 6).

Defendant argues that the Court should strike Plaintiff's Motion for Interim Orders Against Continued Retaliation for the following reasons: (1) it is wholly unrelated to Plaintiff's Title VII retaliation claim for his employment termination filed in this lawsuit; and (2) Plaintiff does not have standing to request injunctive relief with respect to Defendant's business decisions concerning U.S. Patent 5,744,782, which Defendant owns. (Document 25, p. 2).[1]

## DISCUSSION

### A. Standing

The Court begins by addressing the standing issue. Although a Rule 12(f) motion to strike is not the proper vehicle for Defendant to challenge Plaintiff's lack of standing,[2] the Court will raise this issue *sua sponte*.

The Court has an obligation to raise the issue of subject matter jurisdiction *sua sponte*. *Desi's*

---

[1] Defendant also argues that even assuming Plaintiff had standing or his motion was related to this lawsuit, Plaintiff has not exhausted his administrative remedies regarding the allegations of "retaliation" in his motion as required by Title VII (Document No. 25, p. 2), however, the Court does not address this issue as it disposes of this matter on Defendant's first two arguments.

[2] Lack of standing is properly challenged in a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

3

Case 3:03-cv-00264-KRG   Document 29   Filed 05/03/06   Page 4 of 7


*Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003). Standing is a jurisdictional requirement. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003). If the plaintiff has "...not stated an injury in fact that is particularized and imminent..." the plaintiff does not have standing and there is no subject matter jurisdiction, therefore, the Court must dismiss the action. *Id.*

Plaintiff is requesting injunctive relief related to U.S. Patent 5,744,782. (Document No. 22, pp. 3-6). The Court finds that Plaintiff lacks standing to request such relief. Plaintiff conveyed, assigned and transferred to Defendant all rights, title and interest in and to the patent in question. (Document No. 24, Exhibit A). When a patent is assigned, the person or entity assigning it reserves "no control over the patent[] or [its] use or disposal, or any power to interfere with the management of the business growing out of [its] ownership." *Rude v. Westcott*, 130 U.S. 152, 163, 9 S. Ct. 463, 32 L.Ed. 888 (1889); *see also Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, 403 F.Supp.2d 451, 456 (D. Md. 2005) (holding that when a patent is sold to another party, the person or entity selling the patent retains no rights to control or use the patent); *King v. Quigg*, 718 F.Supp. 1280, 1281 (E.D. Va. 1989) (holding assignors gave up all legal right to the patent when it was assigned). Therefore, by virtue of his assignment of the patent to Defendant, Plaintiff has no right or interest in the patent in question, U.S. Patent 5,744,782.

Due to the fact that Plaintiff has no right or interest in U.S. Patent 5,744,782, the subject of all of his allegations in his Motion for Interim Orders Against Continued Retaliation, Plaintiff will suffer no injury regardless of how Defendant decides to use the patent. As a result, Plaintiff lacks standing to bring this action for injunctive relief related to the U.S. Patent 5,744,782 and, therefore, the Court

4

lacks subject matter jurisdiction. Accordingly, Plaintiff's Motion for Interim Orders Against Continued Retaliation is dismissed for lack of subject matter jurisdiction.

## B. Rule 12(f) Motion to Strike

A motion to strike is the proper method for a defendant to request a court to eliminate matters that are redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). "The language of [Fed. R. Civ. P. 12(f)] is permissive so that the [c]ourt has a wide measure of discretion in determining whether to grant or deny a motion under it." *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522, 525 (W.D. Pa. 1951) (striking defenses that were insufficient). Motions to strike are only favored if "**the allegations have no possible relation to the controversy**, and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Road Development Corp. v. Carlson Corp. – Northeast*, Civ. A. No. 889-7037, 1990 WL 69085, *3 (E.D. Pa., May 23, 1990) (emphasis added). Furthermore, courts grant motions to strike when the pleading contains allegations that could not possibly "serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation." *Delaware Healthcare, Inc. v. MCD Holding Co.*, 893 F.Supp. 1279, 1281 (E.D. Pa. 1995) (internal citation omitted).

Despite the title Plaintiff elects to use for his motion, Motion for Interim Orders Against Continued Retaliation, Plaintiff's motion is actually a pleading requesting relief for claims related to U.S. Patent 5,744,782. Furthermore, Plaintiff's motion does not set forth instances of "continued retaliation," but rather sets forth only claims related to U.S. Patent 5,744,782. Finally, Plaintiff's allegations related to the patent have no relation to the one count in Plaintiff's Complaint, retaliation under Title VII based on the theory Plaintiff was terminated in retaliation for a lawsuit he filed against

5

Defendant while he was still employed.

The Court finds that the patent matters raised by Plaintiff in his Motion for Interim Orders Against Continued Retaliation are new allegations not in any way related to the issues Defendant raises in his Complaint. Therefore, pursuant to Fed. R. Civ. P 12 (f) Defendant's Motion to Strike Plaintiff's Motion for Interim Orders or, in the Alternative, Opposition to Plaintiff's Motion for Interim Orders (Document No. 24) is granted.

An appropriate order follows.

AND NOW, this 3rd day of May, 2006, after considering Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22) and Defendant's Motion to Strike Plaintiff's Motion for Interim Orders or, in the Alternative, Opposition to Plaintiff's Motion for Interim Orders (Document No. 24) and its Brief in Support (Document No. 25), the Court finds that it lacks subject matter jurisdiction over Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22) and, in the alternative, that Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22) is not in any way related to the claim in his Complaint (Document No. 1) filed with this Court, therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22) is DISMISSED for lack of subject matter jurisdiction and, **IT IS FURTHER ORDERED**, that Defendant's Motion to Strike Plaintiff's Motion for Interim Orders or, in the Alternative, Opposition to Plaintiff's Motion for Interim Orders (Document No. 24) is GRANTED.

**BY THE COURT:**

Kim R. Gibson

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**