IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISHNASWAMY SAMPATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-264J |
| ) | |
| CONCURRENT TECHNOLOGIES ) | |
| CORPORATION, ) | JUDGE KIM R. GIBSON |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on Plaintiff's Motion for Second Reconsideration of Court's Latest Memorandum Opinion and Order (Document No. 38). This motion follows the denial of Plaintiff's earlier request (Document No. 30) that the Court reconsider its dismissal (Document No. 29) of Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22). On the basis of the Title VII claim stated in Plaintiff's Complaint (Document No. 1), the Court's jurisdiction over this matter is proper under 28 U.S.C. § 1331. For the reasons stated herein, Plaintiff's Motion for Second Reconsideration is denied.

### BACKGROUND

The factual history of this litigation was adequately recounted in the Court's two prior orders addressing Plaintiff's Motion for Interim Orders (Document Nos. 29 & 37). As noted in those orders, Plaintiff's only outstanding claim against Defendant is a Title VII action stemming from the termination of Plaintiff's employment with Defendant, which Plaintiff alleges was done in retaliation for a

1

previously filed lawsuit. Complaint (Document No. 1). Since leaving Defendant's employ, Plaintiff, who has represented himself throughout this litigation, has apparently felt ongoing injury from Defendant's behavior. Plaintiff thus sought three forms of interim injunctive relief: 1) An order requiring that Defendant maintain U.S. Patent 5,744,782 with the U.S. Patent and Trademark Office ("USPTO"); 2) an order requiring that Defendant support Congressman John P. Murtha in directing the USPTO to correct an alleged patent anomaly existing between U.S. Patent 5,744,782 and U.S. Patent 5,523,540; and 3) an order requiring that Defendant "undertake all reasonable and good faith efforts to immediately license U.S. Patent 5,744,782 to the Plaintiff under [reasonable and nondiscriminatory] terms and conditions." Motion for Interim Orders, pp. 3-6. Plaintiff claims that without these orders, Defendant will continue to engage in a pattern of retaliatory and discriminatory conduct to the detriment of Plaintiff. Plaintiff's Motion for Second Reconsideration, p. 3.

The Court dismissed the Motion for Interim Orders on the ground that Plaintiff, having assigned to Defendant all rights pertaining to U.S. Patent 5,744,782, suffered no injury sufficient to confer the standing necessary for relief from this Court. Memorandum Opinion and Order Dismissing Motion for Interim Orders (Document No. 29), pp. 4-5. Furthermore, the Court found that the claims made in Plaintiff's motion were "new allegations not in any way related to the issues" raised in the Complaint. *Id.* at p. 6. Plaintiff's motion was accordingly dismissed for lack of subject-matter jurisdiction and stricken pursuant to FED. R. CIV. P. 12(f).

Reciting the same accusations and renewing his request for interim relief, Plaintiff then filed a Motion for Reconsideration. Plaintiff again alleged that Defendant's conduct was intended "to cause the Plaintiff enormous economic harm . . . . [by denying] Plaintiff an opportunity to lawfully pursue with [*sic*] his career growth objectives" and sought reconsideration on the basis that Defendant had

misled the Court into focusing on the "non-existing issue" of justiciability. Plaintiff's Motion for Reconsideration, pp. 2, 6. The Court denied this motion, reemphasizing Plaintiff's lack of a jurisdictionally adequate injury and detailing how the allegations of continued retaliation fell outside the scope of Plaintiff's Complaint. Memoranum Opinion and Order Denying Motion for Reconsideration (Document No. 37), pp. 4-5. Because Defendant did not employ Plaintiff at the time the latter sought licensing of U.S. Patent 5,774,782, Plaintiff could not state a retaliation claim under Title VII based on Defendant's refusal to license. *Id.* at p. 5.

Undeterred, Plaintiff now moves for a Second Reconsideration of the Court's Latest Memorandum Opinion and Order. Plaintiff has placed greater emphasis on Defendant's allegedly discriminatory conduct and has rephrased his arguments in response to the Court's recent order. As stated below, Plaintiff has not presented suitable grounds for reconsideration and the motion is denied.

## DISCUSSION

According to the Third Circuit, the purpose of a motion for reconsideration of a judgment is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The movant must therefore establish one of three possible grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* For interlocutory orders, greater discretion is invested in the trial court with jurisdiction over the matter; district courts possess "inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). As a consequence of Plaintiff's failure to either present evidence or cite persuasive legal authority, resolution of this motion rests with the discretion of this Court and Plaintiff's ability to

3

establish some manifest injustice that denial of the motion will effect.

Nothing in Plaintiff's Motion for Second Reconsideration makes such a demonstration. Rather, Plaintiff simply restates arguments that the Court has twice considered and rejected for reasons that were detailed in two Memorandum Opinions. The Court will not again examine the issue of Plaintiff's standing to request injunctive relief except to reiterate that for want of any legal right under U.S. Patent 5,744,782, Plaintiff lacks a legal injury that this Court has the authority to redress. Nothing in the Motion for Second Reconsideration gives the Court any reason to question its prior rulings.

Similarly, the Court has explained why the allegations made in Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant are not appropriate; the Court will not countenance any more allegations that do not come within the scope of the Complaint. To the extent that Plaintiff wishes to amend the Complaint, he may seek leave to do so from either Defendant or the Court as stipulated in FED. R. CIV. P. 15(a).[1] Plaintiff's position was considered and reconsidered to no avail. Repetition will not salvage arguments that have been twice dismissed. Again, Plaintiff's Motion for Second Reconsideration makes no new claims, cites no helpful legal authority, and presents no evidence whatsoever. There is nothing to suggest that by reaffirming its own decision for the second time, the Court will operate any injustice on either party to this litigation.

Though proceeding without the benefit of counsel, Plaintiff must nonetheless understand that his arguments with respect to the claims for injunctive relief have failed. Plaintiff may feel deprived of commercial opportunity, but he has not demonstrated any right to that opportunity or properly pleaded any claim arising from its loss. To the extent Plaintiff disagrees with the Court's conclusions,

---

[1] Alternatively, Plaintiff may bring–subject to estoppel–another lawsuit against Defendant that raises new allegations.

4

he may decide to appeal them following the entry of a final judgment in this case. On the basis of the Second Motion for Reconsideration, the Court finds no reason to reopen its previous rulings on this matter, and any future motion to do so that does not present persuasive legal authority or material evidence will be summarily denied.

For the reasons discussed above, Plaintiff's Motion for Reconsideration is denied.

An appropriate order follows.

AND NOW, this 12th day of September, 2006, after considering Plaintiff's Motion for Second Reconsideration of Court's Latest Memorandum Opinion and Order (Document No. 38) and Defendant's Opposition to Plaintiff's Motion for Second Reconsideration (Document No. 40), the Court finds no merit in the arguments Plaintiff presents and no cause to reconsider its earlier rulings. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Second Reconsideration of Court's Latest Memorandum Opinion and Order (Document No. 38) is DENIED.

            **BY THE COURT:**

            _____

            **KIM R. GIBSON,**
            **UNITED STATES DISTRICT JUDGE**