IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISHNASWAMY SAMPATH, | ) |
| Plaintiff, | ) ) ) |
| | ) CIVIL ACTION NO. 3:03-264 |
| v. | ) ) |
| CONCURRENT TECHNOLOGIES CORPORATION, | ) JUDGE KIM R. GIBSON ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION and ORDER

**GIBSON, J**.

Before the Court is Plaintiff's Motion Seeking One of Three Alternatives. Document No. 48. The Motion follows the denial of Plaintiff's Second Motion for Reconsideration (Document No. 44), wherein the Court reiterated that it would not reconsider its Order denying the interim injunctive relief originally requested in Plaintiff's Motion for Interim Orders Against Continued Retaliation by Defendant (Document No. 22). Plaintiff now seeks to amend his Complaint to include the allegations that grounded his motion for injunctive relief. In the alternative, Plaintiff moves for a third reconsideration of the Court's previous Order. If both motions are denied, Plaintiff seeks certification for interlocutory appeal under 28 U.S.C. § 1292(b). For the reasons stated below, all three motions are denied.[1]

The Court writes only for the parties and refers to its previous Orders for the factual and

---

[1] The Court's Order is based on Plaintiff's Motion and Memorandum of Law in Support thereof (Document Nos. 48 & 49) and Defendant's Opposition thereto (Document No. 50). The Court has not considered Plaintiff's Reply to Defendant's Opposition (Document No. 59), which was filed without leave of Court, as required in the Court's Practices and Procedures. Practices and Procedures of Judge Kim R. Gibson § II.B, *available at* http://www.pawd.uscourts.gov/Documents/Public/Reference/gibson.pdf.

procedural history of this case. With regard to Plaintiff's Motion for Leave of Court to Amend His Complaint, FED. R. CIV. P. 15 states that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As a responsive pleading has been filed in this case and Defendant has refused to provide the written consent identified in the Rule, Plaintiff may only amend the Complaint with leave of Court. Though leave is to be liberally granted according to the demands of justice, "the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted). Futility is determined by the likelihood that the content of the amendment will survive a renewed motion to dismiss. *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

According to the Proposed Amended Complaint, Defendant's refusal to license U.S. Patent 5,744,782 to Plaintiff and Defendant's failure to pay the fees required to maintain that patent constitute "malice and reckless disregard to Plaintiff's Civil Rights," as well as discrimination and retaliation. Document No. 48-2, ¶¶ 13-21. The Court harbors considerable doubt that Defendant's refusal to license the patent could constitute a denial of Plaintiff's civil rights. Even if the Court were to address such a claim, however, dismissal would be compelled by federal exhaustion requirements. Plaintiff's EEOC charges did not address any claim of continuing retaliation, but were limited to the allegedly discriminatory circumstances surrounding the termination of his employment. Document No. 50, Exh. 1. Binding authority mandates that Plaintiff must pursue administrative remedies before turning to the

2

Court. *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995). This is true of particular claims, not simply the general dispute between the parties. *Ryan v. Gen. Mach. Prods.*, 277 F. Supp. 2d 585, 593-94 (E.D. Pa. 2003). There is no suggestion that Plaintiff has sought administrative relief through either a state or federal agency on the claim he wishes to add to his Complaint.

The Court also notes that, while futility is an important factor to the amendment inquiry, the Third Circuit has "consistently recognized . . . that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur*, 434 F.3d at 204 (citations omitted). Discovery in this case has closed and both Parties have moved for summary judgment. While delay itself is not an adequate basis on which to refuse leave to amend, "at some point . . . delay will become undue, placing an unwarranted burden on the court and an unfair burden on the opposing party. When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Id.* (citations omitted). Defendant refused to license U.S. Patent 5,744,782 to Plaintiff over a month before filing its Answer in this case. Plaintiff therefore had the opportunity to amend his Complaint as of right at least to the extent that he now alleges Defendant's refusal to license was an instance of ongoing retaliation. Because the proposed amendment is not likely to survive a motion to dismiss, because amendment would prejudice Defendant and unduly burden this litigation, and because Plaintiff has not explained his previous failure to amend his Complaint as of right, the Motion for Leave to Amend is denied.

Plaintiff's alternative request for reconsideration of the Court's previous Orders must also be denied. In the Order denying second reconsideration, Plaintiff was warned that "any future motion [for reconsideration] that does not present persuasive legal authority or material evidence will be summarily denied." Document No. 44, p. 5. To his motion, Plaintiff has attached various documents that the

3

Court finds immaterial. These include Plaintiff's EEOC right-to-sue letter, correspondence from Defendant refusing leave to amend the Complaint and relating to licensing negotiations that produced no agreement, copies of Plaintiff's academic degrees, and excerpts from articles Plaintiff has authored. Such documents establish no entitlements under Patent 5,744,782 and do nothing to address the reasoning behind the Court's previous Orders. Additionally, the Court finds Plaintiff's legal support inapposite. Plaintiff has almost exhausted the Court's patience. Any future request for reconsideration of this issue may result in monetary sanctions against Plaintiff for dilatory and bad-faith conduct under 28 U.S.C. § 1927.

Lastly, Plaintiff moves the Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). Because this dispute arose from a motion for injunctive relief, however, the Court finds § 1292(b) inapplicable and will not grant the requested certificate as to that claim. 28 U.S.C. § 1292(a). Regarding the denial of leave to amend, the Court finds that the Motion does not involve "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Nor would an immediate appeal of this denial "materially advance the ultimate termination" of this case. *Id.* Accordingly, Plaintiff's Motion for Certification of the Court's Order is denied.

An appropriate Order follows.

AND NOW, this 7th day of November, 2006, upon consideration of Plaintiff's Motion Seeking One of Three Alternatives (Document No. 48), the Court finds no merit in the arguments presented therein. Accordingly, **IT IS HEREBY ORDERED** that the Motion is **DENIED** in its entirety.

BY THE COURT:

_Kim R. Gibson_
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE